IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACK ZIMMERMAN, 39657-177, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:12-CV-4108-B |
| | ) | 3:10-CR-0027-B |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural Background**

Pursuant to a written plea agreement, Petitioner pled guilty to child enticement and production of child pornography. On March 3, 2011, the Court sentenced him to 360 months in prison. Petitioner filed an appeal with the Fifth Circuit Court of Appeals, where his attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). On February 17, 2012, the Fifth Circuit dismissed the appeal.

On September 27, 2012, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. On November 21, 2012, and April 29, 2013, Petitioner filed amended petitions. On May 17, 2013, Petitioner filed a motion for leave to amend his petition. On May 21, 2013, the Court granted Petitioner leave to amend his petition and ordered that no

further amendments would be allowed. On August 16, 2013, the government responded to Petitioner's last amended petition.

Petitioner argues:

1. The police conducted an illegal search and seizure on December 11, 2009;

2. His due process rights were violated when he was not provided the opportunity to be present during the grand jury selection phase;

3. He received ineffective assistance of counsel when:

   A. Without Petitioner's consent, counsel waived Petitioner's right to be present during preliminary hearings;

   B. Counsel showed disinterest in Petitioner's case by telling Petitioner that the only way he would get out of prison was "in a pine box";

   C. Counsel failed to: inform Petitioner of the advantages and disadvantages of accepting the plea agreement; provide a copy of the plea agreement to Petitioner, present mitigating evidence during sentencing; file motions to suppress; investigate prosecution witnesses; procure expert witnesses; listened to Petitioner's version of the case; apprise Petitioner of material facts related to the case; make appropriate objections; and inquire into Petitioner's sanity.

4. The Court failed to inform Petitioner of his rights and the relevant criminal procedures prior to accepting Petitioner's guilty plea;

5. The prosecutor committed misconduct by failing to provide the defense with the victim's sexual history; and

      6.      The Court lacked subject matter jurisdiction.

## II. Factual Background

The following factual background is taken from the PSR and factual resume.

During November and December 2009, Petitioner sexually assaulted the fourteen-year-old victim numerous times after he met her online and learned her true age. Petitioner also directed her to perform sexually explicit acts and produced child pornography by recording the assaults and other acts.

Petitioner began contacting the victim in November, 2009. Although he was fifty-six years old, he used the online name "Jeff367" and the profile of an eighteen-year-old male to exchange internet chat room message with the victim. The victim's profile accurately described her as a fourteen-year-old female. Petitioner persuaded the victim to meet him in Irving, Texas where they engaged in sexual acts, including intercourse, inside his van. During this and several other meetings, Petitioner recorded the victim performing sexual acts and having sexual intercourse with him.

The victim's grandmother discovered the sexually-based chat messages and called the police. The victim told police she had met "Jeff367" online and believed him to be eighteen years old until she met him in person. She described their repeated sexual encounters in his van, during which he directed and recorded her engaging in sexual activities.

Under police supervision, the victim called Petitioner to arrange a next-day meeting. The police arrested Petitioner when he drove his van to the meeting. Petitioner confessed to having an ongoing sexual relationship with the victim, knowing that she was fourteen-years-old, and producing sexually explicit videos of them on his cell phone and digital camera. A forensic

Case 3:12-cv-04108-B-BF Document 32 Filed 09/11/13 Page 4 of 13 PageID 408

examination of his phone and camera showed several sexually explicit images and videos of the victim and Petitioner. The camera and a flash drive seized from Petitioner's van also contained images of other females engaged in sexually explicit activity.

In May 2010, the parties filed a plea agreement under Fed. R. Crim. P. 11(c)(1)(C), capping the sentence at not more than 360 months upon Petitioner's guilty plea to child enticement and one count of producing child pornography.

### III. Discussion

**1.     Guilty Plea**

Petitioner argues his guilty plea was involuntary. A defendant's guilty plea must be made voluntarily, and the defendant must "make related waivers knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).

Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of the guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows the "immediate and automatic consequences of that plea such as the maximum sentence length or

fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). Further, "[w]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he has raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (*quoting United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994)).

In this case, the record shows Petitioner knowingly and voluntarily entered his guilty plea. During his plea hearing, Petitioner stated his attorney reviewed the charges with him and that he fully understood the charges. (Plea Hrg. at 7.) Petitioner stated he reviewed the factual resume with his attorney, that he understood the factual resume and that he signed it. (*Id*. at 25.) Petitioner was read the essential elements of each count, and he agreed he committed each essential element. (*Id*. at 26-28.) Petitioner was read the maximum and minimum punishment range for each count. (*Id*. at 19-20). Petitioner stated he understood he could receive life in prison plus thirty years if the two sentences were stacked. (*Id*. at 22-23.) He stated he understood that the Court would decide his sentence and he stated no one had promised or predicted a certain sentence. (*Id*. at 12-13, 21, 23.) Petitioner stated he reviewed the plea agreement with his attorney, that he fully understood the agreement and that he signed the agreement. (*Id*. at 10.) He stated he was college educated and that he was satisfied with his attorney's representation and advice. (*Id*. at 8.) Finally, Petitioner stated he was pleading guilty freely and voluntarily because he was in fact guilty. (*Id*. at 13.) Petitioner has failed to show he did not knowingly and voluntarily enter his guilty plea.

2.      **Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1)

counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a petitioner argues his guilty plea was not voluntary due to the ineffective assistance of counsel, he must show that his counsel's advice to plead guilty fell below the range of competence demanded of an attorney in a criminal case. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Further, he must show prejudice by establishing "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Armstead*, 37 F.3d at 206.

### A. Appointed Counsel

Petitioner argues his appointed counsel was ineffective because, without Petitioner's consent, counsel waived Petitioner's right to be present during the preliminary hearing. The

record shows, however, that Petitioner signed a waiver of his right to a preliminary hearing. (Dkt. No. 8.) Petitioner has not argued that he involuntary signed the waiver.

Petitioner argues that before the detention hearing, appointed counsel showed a lack of interest in his case by stating that Petitioner would only leave jail in a "pine box" and that counsel "was not fond of child molesters." Petitioner, however, has not identified any deficient performance or *Strickland* prejudice resulting from his counsel's representation.

Further, ineffective assistance of counsel claims are waived by a voluntary and intelligent guilty plea "except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Petitioner's claims do not relate to the voluntariness of his guilty plea. *See id.* These claims should be denied.

B.     **Retained Counsel**

Prior to his guilty plea, Petitioner retained his own counsel. He argues his retained counsel failed to inform him of "the pitfalls of entering into a plea agreement." (Pet. Mem. at 11.) As a result, he states his attorney told him he would receive a mandatory sentence of ten years if he pled guilty, and counsel told him he should accept the guilty plea "because the Federal government rarely looses (sic) at trial." (*Id*.)

Petitioner's claim that his counsel told him he would receive a ten year sentence is contradicted by the record. The Court informed Petitioner that the maximum sentence he was facing was life in prison on Count One and thirty years in prison on Count Two. (Plea Tr. at 21-22.) The Court also informed Petitioner there was a possibility the two sentences could be stacked. (*Id*. at 22.) Petitioner stated he understood. (*Id*.) The Court informed Petitioner that "the Court alone will decide your penalty." (*Id*. at 21.) Petitioner stated he understood. (*Id*.)

Further, Petitioner stated on the record that no one had promised or guaranteed him a certain sentence. (*Id*. at 12-13.) Petitioner's claim should be denied.

Petitioner also states his attorney told him he should plead guilty because the government rarely loses at trial. A defense attorney, however, "should make informed predictions about the consequences of either pleading guilty or going to trial." *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002). A defense attorney's warnings about the potential for a lengthy prison sentence does not compromise the voluntariness of a guilty plea. *Urseti v. Lynaugh*, 821 F.2d 1099, 1102 (5th Cir. 1987) (finding plea voluntary where attorney warned client he would be lucky to get 99 years if he went to trial). Petitioner has failed to establish ineffective assistance of counsel.

**(1) Waived Claims**

Petitioner argues his retained counsel was ineffective because counsel failed to: file motions to suppress, investigate prosecution witnesses, procure expert witnesses, listen to Petitioner's version of the case, apprise Petitioner of material facts and make appropriate objections.

Ineffective assistance of counsel claims are waived by a voluntary and intelligent guilty plea "except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Smith*, 711 F.2d at 682. Petitioner's claims do not relate to the voluntariness of his guilty plea. *See id.* (finding claims of ineffective assistance of counsel for failure to review evidence, investigate witnesses or the legality of petitioner's arrest, and failure to find flaws in the prosecution's case were non-jurisdictional and waived by valid guilty plea); *see also, Wisener v. Thaler*, No. 4:09-CV-359-Y, 2010 WL 546738 at *4 (N.D. Tex. Feb. 17, 2010) ("[T]o the

extent [petitioner] complains that . . . trial counsel failed to conduct an independent investigation into the facts of his case, to file pretrial motions, and to interview key state witnesses on his behalf, matters unrelated to the voluntariness of his plea, the claims are non-jurisdictional and are waived by the plea.") (citing *United States v. Broce*, 488 U.S. 563, 573-74 (1989)); *Walker v. Thaler*, No. 4:11-CV-776-, 2012 WL 426639 at *6 (N.D. Tex. Feb. 10, 2012) (finding valid guilty plea waived claims that counsel "failed to familiarize himself with the law of the case, investigate the prior felonies used to enhance petitioner's sentence, and file pretrial motions."). These claims should therefore be denied.

  **(2) Copy of Plea Agreement**

  Petitioner claims his counsel was ineffective because he failed to provide Petitioner a copy of the plea agreement. In open court, however, Petitioner agreed that he reviewed the plea agreement with his counsel and that he signed the agreement. (Plea Tr. at 9-10.) Petitioner has failed to establish he suffered any prejudice from allegedly not having a copy of the agreement.

  **(3) Mitigation**

  Petitioner argues his counsel was ineffective for failing to offer mitigating evidence during sentencing. The record shows that counsel admitted two character letters into evidence during sentencing. (Sent. Tr. at 5.) Counsel also informed the Court that although Petitioner's ex-wife did not attend the sentencing hearing, she did pay Petitioner's special assessment fee. (*Id*. at 18.) Counsel also stated that Petitioner's sister and niece were in attendance at the sentencing hearing to support Petitioner. (*Id*.) Counsel also informed the Court that Petitioner had allowed law enforcement to adopt his online persona for law enforcement purposes. (*Id*.) Petitioner has failed to show what other mitigation evidence was available, but was not offered

by his counsel.  His claim is conclusory and should be denied.

    **(4)**    **Sanity**

Petitioner argues his counsel was ineffective because he failed to inquire regarding Petitioner's sanity.  Petitioner, however, has submitted no evidence that his sanity or competence was impaired.  Petitioner's claim is conclusory and should be denied.  *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

**3.**    **Court Error**

Petitioner argues the Court failed to inform him of his rights and the relevant criminal procedures prior to accepting his guilty plea.  The record, however, shows that the Court extensively informed him of his rights and the relevant procedures prior to accepting his guilty plea.  Petitioner's claim is without merit and should be denied.

**4.**    **Prosecutorial Misconduct**

Petitioner argues the prosecutor committed misconduct when she failed to provide the defense with the victim's sexual history.  Petitioner claims the victim's sexual history would show that she "project[ed] herself as an older woman for the sole purpose of having sexual relations with older men, at which point [the victim] would demand financial allowance, or seek to have the older male charged, and arrested for soliciting sexual favors with a minor." (Pet. Attach. at 2.)

To the extent Petitioner is raising a claim pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), his claim is without merit.  The Fifth Circuit Court of Appeals has held that a guilty plea forecloses a defendant's *Brady* claims. *United States v. Conroy*, 567 F.3d 174, 178 (5th Cir.

2009) (citing *Matthew v. Johnson*, 201 F.3d 353 (5th Cir. 2000) and *Orman v. Cain*, 228 F.3d 616 (5th Cir. 2000)). Petitioner has also submitted no evidence to support his claims. Petitioner's claims should be denied.

**5.      Jurisdiction**

Petitioner argues the Court lacked subject matter jurisdiction over his criminal case. He states that under the Commerce Clause, the Court cannot regulate intrastate activities. Title 18 U.S.C. § 3231, however, grants original jurisdiction to the district courts over "all offenses against the United States." Additionally, the Fifth Circuit has found that Congress may lawfully prohibit intrastate possession of child pornography under the Commerce Clause because it has a substantial impact on interstate commerce. *United States v. Kallestad*, 236 F.3d 225, 231 (5th Cir. 2000). Petitioner's claims should be denied.

**6.      Remaining Claims**

Petitioner argues the police conducted an unlawful search and seizure of his cell phone on the date of his arrest. He also states he was denied due process when he was not afforded the opportunity to be present during grand jury selection. Petitioner's guilty plea, however, waived all nonjurisdictional claims. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Smith*, 711 F.2d at 682. Additionally, these claims are barred by the waiver contained in Petitioner's plea agreement, whereby he waived the right to be bring any claim on collateral review except for ineffective assistance of counsel claims and claims challenging the voluntariness of his guilty plea or waiver. (Dkt. No. 23 at ¶ 11.) These claims should therefore be denied.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that Petitioner's motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 11th day of September, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).